The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, Judge.

The state has filed a motion for rehearing urging that the case of Richardson v. State, 124 Tex.Cr.R. 268, 61 S.W.(2d) 514, is controlling; and that Harwell v. State, 22 Tex. App. 251, 2 S.W. 606, cited in our original opinion, was in effect overruled by Richardson's Case. We think the facts distinguished the cases. It is true the conviction in both cases was for receiving and concealing stolen property. In the Richardson Case he was attempting to prove that one Bell had offered to sell the stolen property; it not being shown that Bell had any connection therewith save that he was in the presence of the party alleged to have been the thief when the offer to sell was made, accused being absent. It was suggested that if accused had been convicted of theft the exclusion of the testimony might have been erroneous because it would have shown the exercise of ownership by some one other than accused. As we understand the facts of the present case, appellant was defending on the ground that he had bought the car in good faith from Johnson, who claimed to have purchased it from Akins, and that he received from Johnson the Akins bill of sale at the same time Johnson delivered his bill of sale to appellant. Of course, the state controverted the truth of this, and claimed that both Johnson and Akins were fictitious persons; but as supporting appellant's side of the issue we are of opinion that what Johnson said to appellant about the car could be shown by the witness who heard it as well as by appellant himself had he testified. As tending to support the theory of purchase, we are also of opinion that appellant could show that prior to appellant's claimed purchase, and about the same time, Johnson had been offering the car for sale to other parties.

Believing the case was properly decided originally, the state's motion for rehearing is overruled.

EPPERSON v. STATE.

No. 18533.

Court of Criminal Appeals of Texas.

June 17, 1936.

Rehearing Denied Oct. 21, 1936.

O. Ellis, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of theft of a mule, and his punishment was assessed at confinement in the state penitentiary for a term of four years.

There are no bills of exception or a statement of facts in the record. Hence the only matter to be considered is the sufficiency of the indictment, which seems to us to be in due form and charges the offense for which he was convicted.

Therefore it is ordered that the judgment of the trial court be, and the same is, in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.